## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| **IN RE:** | : | |
| **Duncan James McLeod** | : | **CASE NO.:** _____ |
| **Barbara Jean McLeod** | : | **DEBTORS' PLAN** |
| **Debtor(s).** | : | |

The Debtor(s) propose the following Plan under 11 U.S.C. § 1321, 1322.

(1)   The Debtor(s), or his employer, shall pay to the Trustee, out of his future earnings or other income, the sum $ __1232.00__ each month. The Debtor(s) submit(s) all, or such portion of Debtor(s)' future earnings or other income as is necessary for the execution of the Plan, to the control of the Trustee, 11 U.S.C. § 1322(a)(1). The Trustee may reevaluate the Plan payment amount after the expiration of the Bar Date for filing claims herein and that should a greater payment amount be required to satisfy all claims in full, the Debtor(s) agree to allow the Trustee to amend the Plan accordingly. In addition, the Debtor(s) shall send copies of their federal and state tax returns to the Trustee each year. The term of this Plan is __60__ months.

(2)   All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless the holder of a particular claim agrees to a different treatment of such claim. 11 U.S.C. § 1322(a)(2).

(3)   The Debtor(s) is allowed to classify an unsecured consumer claim differently if it is guaranteed by another individual. 11 U.S.C. § 1322 (b)(1).

(4)   Creditors holding unsecured claims shall be divided into three classes. 11 U.S.C. § 1322 (a)(3).

**Class A.**   Class A shall consist of Creditors holding allowed unsecured claims of $10.00 or less. The claims of such Creditors shall be paid in full prior to any payment on unsecured claims in Class B.

**Class B.**   Class B shall consist of Creditors holding allowed unsecured claims for any amount greater than $10.00. The claims of such Creditors shall be paid pro rata over the period of the Plan.

**Class C.**   Class C shall consist of unsecured Creditors who fail to file their claim on or before the last date established by the Court to file a claim. Claims in this class shall be classified as untimely claims and be paid zero percent.

(5)     Creditors holding allowed unsecured claims in Classes A and B shall be paid on a pro-rata basis which shall be approximately __100__ cents on each dollar. No interest accruing after the date of the filing of the petition shall be allowed on claims of Creditors holding allowed unsecured claims. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. § 502(b)(2).

(A)

(6)     The holder of any allowed secured claim provided for by the Plan shall retain a lien securing such claim until the amount for which the claim is allowed as secured is paid in full. 11 U.S.C. §§ 1325(a)(5)(B)(i), 1327(c). Secured Creditors are notified pursuant to 11 U.S.C. § 1322(b)(2) that this Plan does modify the rights of holders of secured claims.

    (A)     The post-petition payments on the claim of Wells Fargo Home Mortgage, which is secured by the Debtor's homestead, shall be paid directly by the Debtor(s).

    (B)     The post-petition payments on the claim of GMAC, which is secured by the Debtor's2006 Chevrolet Cobalt, shall be paid directly by the Debtor(s).

(7)     The Debtor(s) will pay all post-petition claims allowable under 11 U.S.C. §1305 when and if such a claim arises and said claims shall be paid in full.

(8)     The Trustee shall make periodic cash payments to the holder of any allowed secured claim at a rate in excess of any decreases in value of any personal property securing the claim. 11 U.S.C. § 361(1). Distribution to secured Creditors will not commence until their claim is allowed. Distributions to allowed secured claims shall be paid   contemporaneously with priority claims and allowed unsecured claims shall not begin to receive distributions until the secured and priority claims have been paid in full.

(9)     The Debtor(s) intends to surrender the property subject to the following claims. 11 U.S.C. § 1325(a)(5)(c). Such surrender shall be deemed a satisfaction of the secured claim in the amount indicated.

                                                            Value of Surrendered Property
    (A)     2002 Yamaha 1100 Classic Motorcycle         Full Balance on Loan Yamaha Motor, Inc.

(10)    The Debtor(s) complains that each of the following liens are either judicial or non-possessory, non-purchase money liens encumbering property of a kind specified in 11 U.S.C. § 522(f)(2)(A)(B) or (C), which the Debtor(s) has claimed as exempt and is entitled to claim as exempt in this case. Unless any such lien Creditor listed below in this paragraph files a timely objection to the confirmation of the Plan and the Court after hearing the objection finds the Debtor(s) may not avoid the lien of such Creditor under 11 U.S.C. § 522(f), then upon confirmation of the Plan the property encumbered by the lien of any such lien Creditors

shall vest in the Debtor(s) free and clear of any lien claim or interest of any of the Creditors as provided by 11 U.S.C. § 1327, and the claims of the Creditors shall be allowed as unsecured claims and paid on a parity with other allowed unsecured claims.

(A)

(11)   The Debtor(s) hereby rejects as burdensome the following executory contracts of the Debtor(s). Any claim filed by a Creditor arising from the rejection of such executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim. 11 U.S.C. § 520(g).

(A)

(12)   The following named secured Creditors have a lien on collateral in the possession of the Debtor(s). Opposite each secured Creditor's name is the dollar amount of the value the Debtor(s) places on the secured Creditor's interest in the estate's property. Unless a secured Creditor objects to the value fixed herein prior to the Bar Date for Objecting to the Plan then the amount set out will be deemed the value of the secured Creditor's interest for purposes of establishing the secured claim. Furthermore, it is the Debtor(s)' intent that any claim not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the Trustee will pay the claim.

|  |  | Value |
|---|---|---|
| (A) | Ford Credit<br>2002 Ford Explorer | $8,230.00 |
| (B) | Wells Fargo<br>(Arrearages on real estate listed on Schedule A) | $3,869.00 |

(13)   The Debtor(s) further represents an ability to carry out this Plan, that it is in good faith, and is his best effort.

(14)   The Trustee from time to time during the period of extension may increase or reduce any amount of the installment payments provided by the Plan or extend or shorten the time for any such payments, where the circumstances of the Debtor(s) so warrant or require; provided, that any moratorium on payments or reductions in amount in excess of a period of 90 days must be with Court approval.

/s/

Duncan James McLeod

/s/

Barbara Jean McLeod

Dated: __7/7__, 2006

/s/

Michael L. Jankins    IS9-99-9998
701 East Court Avenue Suite A
Des Moines, Iowa   50309
Telephone:    (515) 255-1855
Facsimile:    (515) 274-1364
ATTORNEY FOR DEBTOR(S)

Summary of Debts as scheduled:

Priority:                                   $           0.00

Secured or partially secured:               $    177,377.00

Unsecured:                                  $     51,460.00

TOTAL:                                      $    228,837.00